IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RODNEY DAVIS, § | |
| (Tarrant No. 0380907) § | |
| VS. § | CIVIL ACTION NO.4:10-CV-083-Y |
| § | |
| § | |
| TARRANT COUNTY DISTRICT § | |
| ATTORNEY'S OFFICE, et al. § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Rodney Davis's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Davis, an inmate at the Tarrant County jail, filed a form civil-rights complaint under 42 U.S.C. § 1983 naming as defendants the office of the Tarrant County District Attorney and the State of Texas. (Compl. Style; § IV(B).) Davis alleges that he is being prosecuted as the result of an unconstitutional policy of the Tarrant County District Attorney's office in applying the sex offender registration provisions of Chapter 62 of the Texas Code of Criminal Procedure to his 1993 conviction for indecency with a child. (Compl. § V; attachment pages 2-3.) He contends that the prosecution of him under article 62.001(6)(a) of the Texas Code of Criminal Procedure is in violation of his right to due process of law, and he alleges the statute is unconstitutionally vague and permits arbitrary enforcement. (Compl. § V.) Davis seeks from this Court

> declaratory judgment declaring Ch[apter] 62 unconstitutionally vague and injunctive relief directing a constitutional reconstruction of Ch[apter] 62 Code of Criminal Procedure with language that limits application

>    of the statutory definition in Art. 62.001(6)(a) to
>    offenses under 21.11(a)(1) Tex. Penal Code committed on
>    or after September 1, 1993 amendments in Ch[apter] 900,
>    73rd Leg. R. S. Sec. 4.01 (1993). [sic] (Compl. § V,
>    attachment page 3.)

Rodney Davis has also filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this division, *Davis v. Anderson,* No.4:10-CV-057-Y. A review of the documents in that case confirms that Davis is presently under indictment in case number 1185071 pending before the Criminal District Court Number Two of Tarrant County, Texas, for the offense of failure to report and register in violation of Article 62.101(A) of the Texas Code of Criminal Procedure.[1]

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after

---

[1] *Davis v. Anderson,* No.4:10-CV-057-Y (Anderson's March 26, 2010, Appendix to Reply to Petition, attachment pages 4-8.) The Court takes judicial notice of the records of this case. *See* FED R. EVID 201.

[2] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

2

docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint under these standards, the Court concludes that Davis's claims must be dismissed.

Under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here.[7] Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges.[8] Thus, the Court concludes that Davis's claims under 42 U.S.C. § 1983 for injunctive relief and for a declaratory judgment must be dismissed under

---

[4]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7]*Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489-1490 (5th Cir.), *cert. denied,* 515 U.S. 1145 (1995).

[8]*See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490.

authority of 28 U.S.C. § 1915A(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[9]

Therefore, all claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and (2), and 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED May 27, 2010.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[9] The Court notes that in the habeas-corpus case number 4:10-CV-057-Y, Davis argued an exception to the *Younger* abstention doctrine that allows federal courts to enjoin state criminal proceedings that would constitute double jeopardy. *Davis v. Anderson,* No.4:10-CV-057-Y (May 21, 2010, Reply), *citing Mannes v. Gillespie,* 967 F.2d 1310, 1312 (5th Cir. 1992), *cert den'd,* 506 U.S. 1048 (1993); *see also Davis v. Herring,* 800 F.2d 513 (5th Cir. 1986). In this case, Davis does not assert a double-jeopardy claim, but rather asserts a violation of his right to due process of law. Thus, the exception to *Younger* abstention referred to in *Davis v. Herring* and *Mannes* does not apply to the claims made in this proceeding. *See generally Price v. Porter,* 351 Fed. Appx. 925 (5th Cir. Nov. 2, 2009)(federal district court properly abstained under *Younger* from Plaintiff's request for injunctive and declaratory relief on her claims that state criminal court judge violated her Fourteenth Amendment rights to due process and equal protection.)